UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEVE CICONE, | ) | CASE NO. 1:07 CV 346 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | <u>MEMORANDUM OF OPINION</u> <u>AND ORDER</u> |
| STATE OF OHIO, | ) ) | |
| Defendant | ) | |

On February 8, 2007, plaintiff *pro se* Steve Cicone filed the above-captioned *in forma pauperis* action against the State of Ohio. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and Plaintiff is enjoined from filing any new lawsuits or other documents in this court without seeking and obtaining leave to do so. Further, the Clerk is instructed not to accept or file any further documents in this action.

The complaint states in its entirety as follows:

> Indo-China refers to Intestines and Brain. Indo-china also refers to Lower Body. I have Indo-Chinese Family. I'm missing 6ft of Intestines And I'm on Medications. I'm 50% African-Italian. With Asia, turns me 75% Asian. For ten years between 1987-1996 I used Metamorphisis to turn Asian.
>
> Americas Madonna refers to Souther Asia. Rock Entertainer Madonna Ciccone
> <u>Asian</u> Steve Cicone Cicconi.
>
> I've made $6,000 a year since I was 16 to now. Thus denying me Life, Liberty, and pursuit of property (14th Ammendmen.) My compensation is for $13,000,000.00.

Although <u>pro se</u> pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also*, *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

The court takes judicial notice of its own records in observing that this is at least the fifth unintelligible lawsuit filed by Plaintiff in this court.[2] Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3]

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious. Accordingly, Steven Cicone is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

---

[2] The previous lawsuits filed by Cicone and dismissed as frivolous in this court are: 1:06 CV 2835, 1:05 CV 0002, 1:01 CV 1798, and 1:00 CV 1917.

[3] Other circuits have endorsed enjoining these types of filers. *See, Day v. Allstate Ins. Co.*,788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland,* 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona,* 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent further harassment of the court by Plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Cicone prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Cicone files, unless and until leave is granted.

Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/<i>SOLOMON OLIVER, JR</i><br>UNITED STATES DISTRICT JUDGE

March 27, 2007